IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY J. McCULLY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )  Case No. CIV-07-364-M |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
|    Defendant. | ) |

## ORDER

On January 30, 2008, United States District Judge Vicki Miles-LaGrange entered an Order and Judgment in this case reversing the decision of defendant Commissioner of the Social Security Administration ("Commissioner") and remanding this case for further administrative proceedings. Based on same, on February 15, 2008, plaintiff filed a Motion for Attorney Fees Pursuant to the Equal Access to Justice Act.  On March 4, 2008, the Commissioner filed his response.

In her motion, plaintiff requests an award of fees in the amount of $4,719.00, and in her proposed order includes language indicating that plaintiff's attorney is entitled to the award of fees. In his response, the Commissioner states that he has no objection to plaintiff's request for fees in the amount of $4,719.00 but does object to the inclusion of language indicating that plaintiff's attorney is entitled to the award of fees.

The Equal Access to Justice Act ("EAJA") provides, in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award <u>to a prevailing party</u> other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of

> the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). Furthermore, the Tenth Circuit has held that the plaintiff, and not her attorney, is entitled to the award of attorney's fees. *Manning v. Astrue*, 510 F.3d 1246 (10th Cir. 2007). Thus, based on the foregoing, the Court finds that the fee award should be made to plaintiff rather than her attorney.

Accordingly, the Court GRANTS plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [docket no. 21] as follows: the Court AWARDS plaintiff EAJA fees in the amount of $4,719.00, to be paid directly to plaintiff.

**IT IS SO ORDERED this 1st day of April, 2008.**

_/s/ Vicki Miles-LaGrange_
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE